Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

_____ Division

FILED BY _____ D.C.

JUL 0 8 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Kristian J Hall

Case No. )
)
(to be filled in by the Clerk's Office)

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

**Please See Attached Documents**

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)* ☑Yes ☐No

Pretrial Detainee's Claim of Failure to Protect Torture, Obstruction of Justice, Brady Violations, Excessive Force, State-created Danger, Failure to Protect from Attack, Failure to Intervene, Denial of Adequate Medical Care, Private Persons Conspire with Local State Officials and National Officials, Malicious Prosecution, Conspiracy Against Rights, Causation, Supervisor Liability, Particular Rights Concurrent Cause, Harassment, Racial Discrimination, Retaliatory Discrimination, Due Process Violations, False Imprisonment, False Arrest, Interference with Witnesses, Deliberate Indifference, Interference with Parent/Child Relationsh

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Kristian J Hall |
| Address | 2451 Cumberland Pkwy SE Suite 3320 |

| City | State | Zip Code |
|---|---|---|
| Atlanta | Ga | 30339 |

| | |
|---|---|
| County | Cobb |
| Telephone Number | (424)-202-1130 |
| E-Mail Address | Kristianjhall1977@protonmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Edward Santiago |
| Job or Title *(if known)* | Sunny Isles Beach Chief of Police (Present 2022) |
| Address | 18070 Collins Ave |

| City | State | Zip Code |
|---|---|---|
| Sunny Isles Beach | Fl | 33160 |

| | |
|---|---|
| County | Miami-Dade |
| Telephone Number | (305)-947-4440 |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☑ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Dana Robin Goldman |
| Job or Title *(if known)* | Sunny Isles Beach Mayor (Present 2022) |
| Address | 18070 Collins Ave |

| City | State | Zip Code |
|---|---|---|
| Sunny Isles Beach | Fl | 33160 |

| | |
|---|---|
| County | Miami-Dade |
| Telephone Number | (305)-947-0606 |
| E-Mail Address *(if known)* | |

☐ Individual capacity     ☑ Official capacity

Defendant No. 3

| | | | |
|---|---|---|---|
| Name | Daniel Junior | | |
| Job or Title *(if known)* | Miami-Dade Corrections & Rehabilitation Director | | |
| Address | 2525 N.W. 62nd Street | | |
| | Miami | Fl | 33147 |
| | *City* | *State* | *Zip Code* |
| County | Miami-Dade | | |
| Telephone Number | (786)-263-6010 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity   ☑ Official capacity

Defendant No. 4

| | | | |
|---|---|---|---|
| Name | Jackson Health System | | |
| Job or Title *(if known)* | Hospital | | |
| Address | 1611 Nw 12 Ave  Miami Fl, 33136 | | |
| | Miami | Fl | 33136 |
| | *City* | *State* | *Zip Code* |
| County | Miami-Dade | | |
| Telephone Number | (305)-585-1111 | | |
| E-Mail Address *(if known)* | | | |

☐ Individual capacity   ☑ Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment,  42 U.S.C. § 1983, 18 U.S. Code § 2441 d common article 3 violations (1a)(1b)(1c)(1d)(1f)(1e)(1f)(1i) 28 U.S. Code § 2680, Fla. Stat. § Title XLVI. 815.06, Fla. Stat. § 914.03, Fla. Stat. § 914.22, Fla. Stat. § 914.23, Fla. Stat. § 1014.03, Fla. Stat. § 1014.04, Fla. Stat. § 945.48, Fla. Stat. § 945.6035, Fla. Stat. § 984.17, Fla. Stat. § 784.048, Fla. Stat. § 784.08(3), Fla. Stat. § 775.084,

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment,

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
Please see attached documents

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?
Please see attached documents

B.     What date and approximate time did the events giving rise to your claim(s) occur?
Please see attached documents

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
Please see attached documents

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Please see attached documents

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Please see attached documents

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff    Kristian J Hall

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Plaintiff:

Kristian J Hall

-V-

Defendants:

Edward Santiago In His Official Capacity as The Sunny Isles Beach Chief of Police,

Dana Robin Goldman In Her Official Capacity as The Sunny Isles Beach Mayor,

Daniel Junior In His Official Capacity as
The Miami-Dade Corrections & Rehabilitation Director,

Bestard, Brandon In His Official Capacity as A Sunny Isles Beach Police Officer
DEPT. 089- I.D. 00157,

Estevez, Javier In His Official Capacity as A Sunny Isles Beach Police Officer
DEPT. 089- I.D. 00092,

Pascual, Michael In His Official Capacity as A Sunny Isles Beach Police Officer
DEPT. 089- I.D. 00185,

Agins, Lyle In His Official Capacity as A
Sunny Isles Beach Police Officer
DEPT. 089- I.D. 00150,

Ranallo, Amanda In Her Official Capacity as A Sunny Isles Beach Police Officer
DEPT. 089- I.D. 00200,

Milanes, Caroline In Her Official Capacity as A Sunny Isles Beach Police Officer
DEPT. 030- I.D. 06270,

Dr.Oswaldo Antonio Fernandez Dominguez In His Official Capacity as A Psychiatrist for Jackson
Health System
# ME160374,

Jackson Health System,

I: Parties to this Complaint

Plaintiff:

Kristian J Hall
2451 Cumberland Pkwy SE Suite 3320
Atlanta Ga, 30339
Cobb County
(424)202-1130
Kristianjhall1977@protonmail.com

Defendants:

Edward Santiago
Sunny Isles Beach Chief of Police (Present 2022)
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Dana Robin Goldman
Sunny Isles Beach Mayor (Present 2022)
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-0606

Daniel Junior
Miami-Dade Corrections & Rehabilitation Director
2525 N.W. 62nd Street
Miami, Florida 33147
Contact Number: (786)-263-6010
Daniel.Junior@miamidade.gov Region Number: 14

Bestard, Brandon DEPT. 089- I.D. 00157
Sunny Isles Beach Police Officer
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Estevez, Javier DEPT. 089- I.D. 00092
Sunny Isles Beach Police Officer
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Pascual, Michael DEPT. 089- I.D. 00185
Sunny Isles Beach Police Officer
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Agins, Lyle DEPT. 089- I.D. 00150
Sunny Isles Beach Police Officer
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Ranallo, Amanda DEPT. 089- I.D. 00200
Sunny Isles Beach Police Officer
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Milanes, Caroline DEPT. 030- I.D. 06270
Sunny Isles Beach Police Officer
18070 Collins Ave
Sunny Isles Beach Fl, 33160
(305)-947-4440

Dr.Oswaldo Antonio Fernandez Dominguez # ME160374
1611 Nw 12 Ave
Miami Fl, 33136
(305)-585-1111

Jackson Health System
1611 Nw 12 Ave
Miami Fl, 33136
(305)-585-1111

Metro West Detention Center

13850 NW 41 St

Doral Fl, 33178

(786)-263-5100


II: Basis for Jurisdictions

A. State and Local Officials (a § 1983 Claim)

B. What federal constitutional or statutory rights do you claim is/are being violated by state or local officials?

First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment, 42 U.S.C. § 1983, 18 U.S. Code § 2441 d common article 3 violations (1a) (1b)(1c)(1d)(1f)(1e)(1f)(1i) 28 U.S. Code § 2680, 42 U.S. Code § 3617, 18 U.S. Code § 2340A Fla. Stat. § Title XLVI. 815.06, Fla. Stat. § 914.03, Fla. Stat. § 914.22, Fla. Stat. § 914.23, Fla. Stat. § 1014.03, Fla. Stat. § 1014.04, Fla. Stat. § 945.48, Fla. Stat. § 945.6035, Fla. Stat. § 984.17, Fla. Stat. § 784.048, Fla. Stat. § 784.08(3), Fla. Stat. § 775.084, Fla. Stat. 760.37
Fla. Stat. 784.011(2)


C. Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal officials?

First Amendment, Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under Bivens, explain how each defendant acted under color of federal law. Attach additional pages if needed.

The Plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. The Defendants (local, state or Federal government official) exercised power given to her/him by virtue of state law and made possible only because the defendant is "clothed with the authority of state law" even if the defendant abuses his or her position. This is the definition of "acting under the color of state law."

The Defendants acted under color of state law and law. The Supervisory Defendants acted under color of state law. The Defendants acts and failure to act deprived the Plaintiff of his particular rights under the laws of The United States, and under the laws of The United States Constitution as explained in later instructions. The Defendants (The Sunny Isle's Beach Police Department Arresting Officers) searched the Plaintiffs residence unlawfully. In conducting the search, (The Sunny Isle's Beach Police Department Arresting Officers) acted intentionally; and the search was unreasonable. The Defendants actions pursuant to official municipal policy of some nature caused constitutional torts. The Defendants made intentional decisions regarding the conditions under which the plaintiff was confined. Those conditions put the Plaintiff at substantial risk of suffering serious harm. The Defendants did not take reasonable available measures to abate or reduce that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved— making the consequences of the Defendants conduct obvious; and, By not taking such measures, the Defendants caused the Plaintiff injuries. The Defendants made intentional decisions regarding the conditions under which the Plaintiff was confined the denial of needed medical care. The conditions of confinement and denial of needed medical care put the Plaintiff at substantial risk of suffering serious harm. The Defendants did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the Defendants conduct obvious, and By not taking such measures the Defendants caused the Plaintiff injuries.

III:Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The Defendants acted under color of state law and law. The Supervisory Defendants acted under color of state law. The Defendants acts and failure to act deprived the Plaintiff of his particular rights under the laws of The United States, and under the laws of The United States Constitution as explained in later instructions. The Defendants (The Sunny Isle's Beach Police Department Arresting Officers) searched the Plaintiffs residence unlawfully. In conducting the search, (The Sunny Isle's Beach Police Department Arresting Officers) acted intentionally; and the search was unreasonable. The Defendants actions pursuant to official municipal policy of some nature caused constitutional torts. The Defendants made intentional decisions regarding the conditions under which the plaintiff was confined. Those conditions put the Plaintiff at substantial risk of suffering serious harm. The Defendants did not take reasonable available measures to abate or reduce that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved— making the consequences of the Defendants conduct obvious; and, By not taking such measures,

the Defendants caused the Plaintiff injuries. The Defendants made intentional decisions regarding the conditions under which the Plaintiff was confined the denial of needed medical care. The conditions of confinement and denial of needed medical care put the Plaintiff at substantial risk of suffering serious harm. The Defendants did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the Defendants conduct obvious, and By not taking such measures the Defendants caused the Plaintiff injuries.

A. Where did the events giving rise to your claim(s) occur? Sunny Isles Beach Florida

B. What date and approximate time did the events giving rise to your claim(s) occur? 7/8/2019

C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

1. The then Defendant now Plaintiff Kristian J Hall was a great well respected employee of the Fontainebleau Hotel Miami Beach and even won Employee of the year. also takes great care of his-family (kids) and his responsibilities. The Plaintiff had no criminal convictions or criminal priors in Florida to June 28, 2019. The Plaintiffs Prior Attorney Knew this information about his great character and responsibilities and failed to mention it on any of The Plaintiffs motions or to the presiding Judge during that time.

2. On June 20, 2019 the alleged victim and her ex-husband were arguing on the phone at her condo. Her ex-husband In a jealous rage didn't like the idea of anyone (man or woman) outside of their family/extremely close family friends to be around or in her home. On June 22, 2019 the alleged victim showed the messages in her IPhone from her ex-husband in a jealous rage stating " Wait till I out you in jail you bastards ". He was out of the country at the time.

3. On June 26, 2019 the alleged victim sent from her iPhone a message sent to her from her ex-husband in a jealous rage stating: "9 more days and cant wait to be back in Miami and just sign the papers I need with the court house behind your house lawyer has it all ready just need to see the judge". " I'm getting rid of you and never will have to worry about giving you another dime you don't know what you lost". " Tell Kris the money I will save on what I gift you you I will spend to fuck his a** personally". to the Plaintiff's IPhone.

4. On June 28, 2019 The Plaintiff was arrested by Sunny Isles Beach arresting officers: Morales, Sasee DEPT. 089- I.D. 00119 Ostrich, Robert DEPT. 089- I.D. 00060 Mosley, Robert DEPT. 089- I.D. 00091 Glansberg, Mitchell DEPT. 089- I.D. 00169 and charged with hired vehicle/ failed delivery. The witness was the driver of the same vehicle and in the vehicle with Plaintiff

in Sunny Isles Beach Florida at that time.

5.  On June 28, 2019 in Sunny Isles Beach Florida The witness told the alleged victim that The Plaintiff was arrested by The Sunny Isles Beach Police and that she paid for Plaintiff's bond already. The alleged victim told the witness that the Sunny Isles Beach Sergeant likes her and that her family and her ex-husband's family knows the majority of Sunny Isles Beach Police Department Officers along with others in local and foreign government. The alleged victim bragged to witness on how connected her families are politically.

6.  The witness and the alleged victim were about to be on their way to pick up the Plaintiff from the TGK Jail in Miami Fl. While walking through the Lobby of the alleged victim's condo to get to her car she told the condo security guard (whom works in her building and is a very close family friend) that her and the witness were on their way to bond out the Plaintiff from Jail. The Plaintiff bonded out on June 29, 2019 through Financial Casualty & Surety, Inc. bond company.

7.  On July 6, 2019 in Sunny Isles Beach Florida the Plaintiff and the alleged victim had a verbal argument. Witnesses were present to witness this verbal argument that Saturday night. The witnesses didn't see any one physically touch each other during this verbal argument. The alleged victim didn't have any Bruising, bleeding, or a scratch on her as to What The Sunny Isles Beach Police departments report #1901822 from July 8, 2019 states she was physically harmed which in fact is a lie.

8.  July 8, 2019 the Plaintiff was sleeping at the alleged victims condo in Sunny Isles Beach Florida and awoke to Guns pointed in his face and falsely arrested/false imprisoned by arresting officers: (Bestard, Brandon DEPT. 089- I.D. 00157 , Estevez, Javier DEPT. 089- I.D. 00092 Pascual, Michael DEPT. 089- I.D. 00185 Agins, Lyle DEPT. 089- I.D. 00150 Ranallo, Amanda DEPT. 089- I.D. 00200 Milanes, Caroline DEPT. 030- I.D. 06270) The Sunny Isles Beach Police Department Officers and charged him with: Cocaine/possession, Oxycodone/ Poss , Robbery/Sudden Snatch , Battery , and Assault. The Plaintiff was even charged with his own daily back pain medication (" oxycodone ") in his own prescription bottle with his full name on it unlawfully, illegally, and unfortunately by those same arresting officers. The Plaintiff also had a Spinal Fusion Surgery years prior because of a horrible car accident that nearly took his life well over 7 years ago. The Witness was downstairs at the time in the alleged victims condo building in Sunny Isles Beach Florida. False imprisonment occurs when a person intentionally restricts another person's movement within any area without legal authority, justification or consent. Actual physical restraint is not necessary for false imprisonment to occur. A false imprisonment claim may be made based upon private acts, or upon wrongful governmental detention. For detention by the police, proof of false imprisonment provides a basis to obtain a writ of habeas corpus.

9.  The Government has falsely imprisoned, (now Pro Se ) Defendant Kristian Hail within the Dade County Jail for approximately 8 1/2 months since the date of 7-8-2019.

10. On July 8, 2019 the Plaintiff incurred a torn rotator cuff and bulging discs in his neck due to the malicious intent and negligence of Sunny Isles Beach Police Arresting Officer Brandon Bestard, which has resulted in DOCUMENTED PERMANENT PHYSICAL DAMAGE THAT REQUIRES the need for surgery to repair the damaged right shoulder, significant pain and suffering, lost wages, medical bills, loss of consortium, loss future earnings, in addition to psychological trauma resulting in depression, anxiety and feelings of hopelessness.

11. While being transported to TGK from the Sunny Isles Beach PD on July 8th, 2019 Arresting Officer Brandon Bestard intentionally did not seat belt the Plaintiff in the back of his vehicle, he knew the Plaintiff would not be able to protect/prevent himself from falling because his hands were cuffed behind his back. While traveling from Sunny Isles Beach Police Department headed West from Collins Ave just as they crossed over Biscayne Blvd. The Plaintiff witnessed Office Bestard radio in to his dispatch that he was changing his route to TGK, he then turned the music up extremely loud in the police vehicle, turned on his police siren, slammed on his brakes so hard the tires screeched, which caused the Plaintiff to slam his face into the protective screen between him and and the Plaintiff which he instantly felt sharp shooting pains in his neck. Then the officer did a violent u-turn into on coming traffic at a high rate of speed that caused the Plaintiff to fall in between the protective screen and the bench which is when the Plaintiffs shoulder broke the fall and that's when he felt a pop and shooting through out my right arm, right shoulder and right side of his neck.

12. The Plaintiff was unable to get himself back up onto the bench right away due to the physical excruciating pain he was in, he could still feel the effects of the inertia of the vehicle resulting from Officer Bestard intentionally driving erratically. The Plaintiff was terrified at this point and afraid for my his life so he forced himself to get back up on the bench as he did not want to die hand cuffed face down in the back of a police vehicle, when he was able to get back on the bench. He could see the officer speeding up really fast behind vehicles almost hitting them, then slamming on brakes and then changing lanes erratically cutting off other vehicles. They almost got into several accidents, the officer ramped his vehicle over the railroad tracks on Biscayne & 167th did not apply the brake at all. He ran the light on Biscayne & 167th causing several cars traveling north and south on Biscayne to swerve to avoid hitting them causing them to almost hit other cars. Perhaps some did the Plaintiff said " am not sure because we were going so fast". The Plaintiff said they were going a easy between 85-100 mph heading east on 167th tail gating other cars, slamming on brakes, cutting off other cars and swerving all over the street. They drove all the way thru Eastern Shores over the inter-coastal bridge back into Sunny Isles, all the way to Collins Ave where they almost got into another car wreck. As the Officer violently turned south onto Collins causing the Plaintiff to fall off the bench again. This time when the Plaintiff fell he got a excruciating sharp pain in his

chest and he thought he was having a heart attack and he started screaming that he was having a heart attack.

13. At this point they were as far south as Haulover Beach when the Officer slammed on brakes and yelled at the Plaintiff saying "IF YOU'RE LYING TO ME ABOUT HAVING A HEART ATTACK I SWEAR TO GOD MOTHER FUCKER I WILL MAKE SURE YOU SPEND MORE TIME IN JAIL THAN YOU HAVE TO!" , The Plaintiff told the Officer he wasn't sure if it was a heart attack or not but it's a sharp pain in his chest and in his left arm. The Officer then made a u-turn on Collins now headed north and went back up to 167th and turned west onto 167th from Collins went back over the bridge from Sunny Isles into Eastern Shores turned into the Winn Dixie shopping center and parked the car got out of the car. The Officer opened the Plaintiff's door, and took him out of the car, took his cuffs off, and said "RUN MOTHERFUCKER SO I CAN FINISH YOU WITH MY GUN!". The Plaintiff told him he wasn't running anywhere and the Plaintiff got on his knees and put his hands behind his back, the Officer then put cuffs back on the Plaintiff and then transported him to TGK.

14. The Plaintiff told the Officer at processing in TGK what happened, his right arm was discolored due to the injury, they advised me to fill out a medical grievance which he did and he did not get a X-ray until October (3 months later) which the X-ray tech advised the Plaintiff shoulder wasn't broken or dislocated. The Plaintiff told her there was something definitely wrong because he lost range of motion in his right arm and he knows you can't see soft tissue damage on a black and white X-ray.

15. The Plaintiff filled out another medical grievance and it took another 5 months for him to get a consultation with a Dr. @ Metro West Detention Center that advised him that he could definitely tell he had shoulder damage and it probably was a torn rotator cuff. He said that the Plaintiff should have had an MRI immediately upon arrival to TGK and ordered an MRI for the Plaintiff. However the Plaintiff was released from jail a few days later and this is when he went to his orthopedic that he see's for his spinal fusion and that doctor said yes the Plaintiff had a damaged shoulder and sent him to get MRI images taken. Where it was discovered the Plaintiff had a TORN ROTATOR CUFF AND BULGING DISCS IN HIS NECK CAUSED BY SUNNY ISLES BEACH POLICE ARRESTING OFFICER BRANDON BESTARD. The Plaintiff could have broken his neck, or had a severe spinal injury or worse.

16. On July 10, 2019 The Plaintiff obtained what was supposed to be effective assistance of legal counsel, as constitutionally guaranteed, in the form of: a court-appointed Public Defender, and On July 22, 2019 his then private attorney in these cases whom all intentionally tried to sabotage the Plaintiffs cases.

17. The Plaintiff had the absolute constitutional right to speedy trial without demand within the Time Frame of 175 days after a felony arrest and 90 days after a misdemeanor arrest. The

U.S. Government failed to initiate the trial within said Time Frame. The failure to prosecute resulted from a Government-caused, unusual, and insufficiently justified Delay between arrest and trial. Regardless of any contention by Government minions that said delay arose as a result of Plaintiff continuances or tactical defense decisions, The U.S. Government bears the burden to avoid prosecutorial neglect by initiating prosecution within said Time Frame.

18. The Plaintiff did not cause or contribute to said delay by unavailability for trial, by requesting a continuance, by lack of investigation, or by lack of preparation for trial. Any continuance requested by Plaintiff arose as a result of The U.S. Government's obstruction of due process through direct and intentional obfuscation, incompetence, disorganization, negligence, or constructive lack of cooperation; said obstruction made it impossible for Plaintiff to obtain a speedy trial and just treatment by the Government.

19. Several times unfortunately through out the Plaintiff's court appearances he was threatened to be in contempt of court/placed in the back purposely and maliciously by The presiding Judge at that time along with court officers. So that the Plaintiff couldn't discuss a lot of important details about his cases in open court so that his testimony could go on the record. Failure to dismiss and discharge the Defendant would seriously undermine the constitutional principles of a fair and impartial trial without delay, thus creating a miscarriage of justice.

20. Since the Plaintiff has been at Metro West Detention Center most of his USPS mail Pro Se' court motions didn't make it to the witness whom had power of attorney for him but wasn't representing him, to be properly filed at the Miami Dade Clerk of Courts for him since in the past his motions weren't filed purposely out of retaliation.

21. The Plaintiff's father whom he was extremely close to and helped take care of Passed away in the Beginning of September 2019. The Plaintiff didn't get a chance to say goodbye to his father because of this Illegal false arrest by The Sunny Isles Beach Police arresting Officers who knew that the Plaintiff was in fact out on bond already.

22. Metro West Detention Center told the Plaintiff that they don't have law materials/a law library on the property for him to properly prepare for his cases as a Pro Se' litigant. The Plaintiff put in request for law information several times for his cases through Correctional Officer Counselors at the jail facility and was purposely and maliciously given incorrect information in the desperate attempts to discourage the Plaintiff. The Plaintiff and the Witness have both done proper complaints about these issues to all proper forms of government. Metro West Detention Center purposely destroyed evidence/testimonies/grievances from the Plaintiff and didn't give him copies for his records.

23. On 9-17-2019 and 9-18-2019 the Plaintiff spoke to the jail Dr.Oswaldo Antonio Fernandez Dominguez at Metro West Detention Center. The jail employees didn't give him any indication

to why this particular Doctor wanted to see him. On 9-18-2019 the same Dr. subliminally threaten his life by saying something to the effect of" he will forcefully give the Plaintiff medication because of those cases and who those cases involve. The Plaintiff explained this threat to at the time Public Defender Kayla Keller and a few times to then presiding Judge and nothing was done. The Plaintiff also wrote several grievances to Metro West Detention Center and they deliberately did not give him copies and acted as if they didn't know what he was talking about every time he asked.

24. The presiding Judge at that time kept striking/denying the Plaintiff's motions in open court and on Miami Dade Clerk of Courts (docket/records) with out providing him a proper reason. Motions were being put in on the Plaintiff's behalf without his knowledge and proper signature in desperate attempts to purposely, and maliciously continue to sabotage his cases. This was blatant unconstitutional judicial misconduct and Obstruction. Said Delay seriously injured and prejudiced the Plaintiff's cases by violating the Plaintiff's constitutionally guaranteed rights to due process and speedy trial.

25. The Alleged Victim turned in a signed non-prosecution document that was on the Miami Dade Clerk of Courts Docket stating that she does not want to press charges and the prosecution has refused to drop charges pertaining to the alleged victims false claims. The alleged victim sent the Witness text messages on 9-28, 9-29, and 9-30-2019 stating "I'm not gonna allow any police or anyone just to put charges on Kristian. He's not an animal." " I will do anything to help Kristian because he doesn't deserve this at all." " I do know that the charges they have on Kristian is not my Kristian I don't believe them" The alleged victim also said something to the effect of one of the Sunny Isles Beach Police Officers has a personal problem with the Plaintiff.

26. On 9-4-2019 the Plaintiff's Witness was harassed/stalked/ chased on roads/intimidated/ bullied by possible U.S. Gov employees/cops/private security at FedEx 1347 University Drive Plantation Fl 33324 by whom we all believe did these things because of cases involving the Plaintiff.

27. Improper legal errors on (Now Pro Se') Defendants Kristian Halls case dockets intentionally and maliciously being done in desperate attempts to make him have a mistrial. A fundamental error is a type of legal or judicial error. A judicial error is a mistake by a judge or court. If a majority of a reviewing court, such as an appellate court, finds an error or errors which impacts the result, the higher court may reverse the lower court's error in whole or in part (the entire judgment or a part of it), and remand (send it back) with instructions to the lower court. There are various types of errors which fall under two groups: harmless errors and plain errors. Errors which have no prejudicial impact on the rights of a party are deemed harmless errors. Higher courts will not reverse or remand the lower court's decision for harmless errors. A plain error is an error that is obvious and affects "the fairness, integrity or

public reputation of judicial proceedings". Plain errors are typically reversible errors. Higher courts will always reverse or remand the lower court's decision for reversible errors. Fundamental errors are both plain errors and reversible errors. Fundamental errors are similar to substantial errors; however, the definition of a "substantial error" may differ slightly among the courts. A fundamental error is consistent among all US Courts as these errors violate the fundamental rights guaranteed by the US Constitution. In other words, all substantial errors are not necessarily fundamental errors, but all fundamental errors are substantial errors. A fundamental error occurs whenever a defendant was probably actually innocent.

28. On 10-4-2019 and 10-15-2019 the Plaintiff's witness was chased/stalked/harassed/attempted assault/ attempted murder/ attempted kidnapped/ intimidated/bullied by U.S. Gov employees/ cops/private security at Quality Inn Suites Airport/Cruise Port South 2520 Stirling Hollywood Fl, 33020 by whom we all believe did these things because of cases involving the Plaintiff.

29. On 10-25-2019 The Plaintiff's witness was stalked/harassed/ poisoned-attempted murder/ bullied/intimidated by U.S. Gov employees/cops/private security at at FedEx 2179 Ne 163 St North Miami Beach Fl, 33162 by whom we all believe did these things because of cases involving the Plaintiff.

30. On 12-3-2019 The State Of Florida Prosecuting Attorneys told The Plaintiff in open court that his balance with the Car Rental company is from Toll charges and not the actual balance from non-payment. The Witness was able to obtain a receipt from the Car Rental Company Stating that there is 0 balance for the Car Rental company. On February 17, 2020 Witness called Car Rental Etolls and was Quoted a balance under three dollars and paid it that day. Therefore Pro Se' defendant Kristian Hall doesn't owe the Car Rental Company and now has zero balance for payment and zero balance for tolls. The receipts as hard evidence will be included in this motion when turned in. Therefore case #19012689 For the Rental Car should be closed and dismissed immediately please.

31. On January 6, 2020 the Plaintiff was at the Miami Dade Clerk of Courts awaiting trial court all day until the end of the day on his feet standing in a cell for several hours. His family and witnesses wasn't notified until after 1:30pm in the court room by one of the Public Defenders that his court date was rescheduled. This was maliciously done out of retaliation for us doing proper complaints and grievances.

32. January 10, 2020 the Plaintiff's family was ordered to leave the court room and any other people that saw the presiding Judge prior for court appearances that day. This was deliberately done so that the Plaintiff could not have any witnesses to hear what they all discussed. The presiding Judge told the Plaintiff that she does not care what the constitution says. The presiding Judge also asked the Plaintiff did he want Public Defender Kayla Keller to continue to representing him, the Plaintiff declined. Public Defender Kayla Keller is the same

attorney whom the witness did a complaint about not turning in evidence regarding the alleged Victim in open court that she received from her via email for The Plaintiff's cases. Also Public Defender Kayla Keller continued participation in sabotaging the Plaintiff's cases. Public Defender Kayla Keller was supposed to be legally supportive and help him receive proper legal services and justice. This was done intentionally and maliciously as a form of retaliation. The Prosecutors that were there also displayed prosecutorial misconduct by Withholding exculpatory evidence the defense (Pro Se')( Brady Violation ), deliberately mishandling, mistreating, or destroying evidence, relying on fraudulent forensic experts, and making misleading arguments that overstate the probative value of testimonies. All of these unfortunate unconstitutional atrocities happened out of retaliation because of whom these case involves. The Plaintiff decided not to use the Public Defenders from Miami Dade County Public Defenders Office. Judge, Attorneys, and other South Florida Local Gov employees all participated in (BULLYING) Legal abuse and prejudices towards The real victims the Plaintiff and Witnesses. Legal abuse refers to unfair or improper legal action initiated with selfish or malicious intentions. Abuse can originate from nearly any part of the legal system, including frivolous and vexatious litigants, abuses by law enforcement, incompetent, careless or corrupt attorneys and misconduct from the judiciary itself. Legal abuse is responsible not only for injustice, but also harm to physical, psychological and societal health. Abuses can originate from virtually every part of the legal system. Litigants, attorneys, law enforcement and judiciary can abuse the system, sometimes accidentally but more often intentionally. Legal abuse can also be systemic, such as when the principles, processes, and consequences of law itself encourage and enable individuals to legally harm others.

33. The State of Florida Prosecuting Attorneys on the Plaintiff's Kristian Halls Cases deliberately wasted time by arguing invalid frivolous arguments in desperate attempts to psychologically exhaust and distract Plaintiff from speaking about Valid Points Pertaining to his cases in favor of the manipulative Master Mind behind it all. All of the hard evidence for both defendants cases were properly turned in several times to everyone. The State of Florida Had no witnesses cooperating with them for depositions. The State Of Florida Also purposely and maliciously agreed to hold up frivolous charges with no hard evidence or witnesses to back these improper charges for graft and for criminally assisting The City of Sunny Isles Beach and Alleged Victims Family from Criminal charges not being brought against them. Said Delay has critically impaired the Defendant's defense by dimming memories and directly causing the potential loss of exculpatory evidence, thereby subjecting Defendant to oppressive pre-trial detention and reflecting prejudice against Defendant.

34. The State of Florida gave all witnesses and arresting officers on the depositions list to show up for depositions plenty of chances and they failed to do so. 6-28-2019 Case #19012689 Morales, Sasee DEPT. 089- I.D. 00119 Ostrich, Robert DEPT. 089- I.D. 00060 Mosley, Robert DEPT. 089- I.D. 00091 Glansberg, Mitchell DEPT. 089- I.D. 00169 Sabri, Linda Zulia,Aaric 7-8-2019 Case # 19013290 Tarafa, Reynaldo Myara, Dyan Bestard, Brandon DEPT. 089- I.D.

00157 Estevez, Javier DEPT. 089- I.D. 00092 Pascual, Michael DEPT. 089- I.D. 00185 Agins, Lyle DEPT. 089- I.D. 00150 Ranallo, Amanda DEPT. 089- I.D. 00200 Milanes, Caroline DEPT. 030- I.D. 06270

35. The Plaintiff who has been falsely arrested/falsely imprisoned and accused needed time to properly cross examine any witnesses and arresting officers. If the witnesses and arresting officers never showed up for all three (3) scheduled depositions, how can Plaintiff Kristian Hall properly be prepared for his defense for trial?

36. The Plaintiff urged the assigned State Attorneys to provide in writing proof of discovery documents and information about completed depositions every-time he went to court. This information was never provided to him which is a violation of both The State's discovery obligations, and the dictates of Brady v. Maryland, 373 U.S. 83 (1963).

37. The State of Florida Attorney's always yelled out " You already have the discovery and that there was no new discovery."

38. The Witness provided the Plaintiff with the Discovery information via telephone since the State of Florida didn't provide correct information that she paid for and received from the Miami Dade County Clerk of Courts Criminal Division 9th File room. The witness even went to the Miami Dade County Clerk of Courts Criminal Division 9th File room a second time to see if there was any new discovery. The over fifty (50) page original discovery was only less than 15 pieces of paper at this time ironically.

39. Conveniently The State's witnesses and the arresting officers were being put on the list for witness testimony on the day of trial/court March 2, 2020 was possibly maliciously done. The presiding Judge has recused herself.

40. Failure to disclose Affiliations between the victims family, and U.S. Government employee associations clearly were intentional to manipulate and possibly control the outcome of now Plaintiff's Kristian Halls cases.

41. First, as a matter of course, all witnesses, officers, co-defendants, and defendants are entered into a computerized database, utilized by many State of Florida Attorneys and Public Defender's offices.

42. All discovery exhibits by the State are generated utilizing this software, after the witnesses information is entered into the system.

43. The constitutional right to confront one's accuser is meaningless if a person charged with wrongdoing is not afforded the opportunity to make a record from which he could argue to

the jury that the evidence against him comes from witnesses whose credibility is suspect because they themselves may be subjected to criminal charges if they fail to 'cooperate' with the authorities." Breedlove v. State, 580 So. 2d 605, 608 (Fla. 1991), quoting Morrell v. State, 297 So. 2d 579, 580 (Fla. 1st DCA 1974).

44. " To establish a Brady violation, a defendant must demonstrate: '(1) the State possessed evidence favorable to the accused because it was either exculpatory or impeaching; (2) the State willfully or inadvertently suppressed the evidence; and (3) the defendant was prejudiced.'" Mordenti v. State, 894 So. 2d 161, 169 (Fla. 2004), quoting Allen v. State, 854 So. 2d 1255, 1259 (Fla.2003).

45. When a prosecution witness is under criminal charges at the time he testifies, the defense is entitled to bring this fact out." Fulton v. State, 335 So. 2d 280, 283 (Fla. 1976).

46. It is clear that if a witness for the State were presently or recently under actual or threatened criminal charges or investigation leading to such criminal charges, a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination." Morrell v. State, 297 So. 2d 579, 580 (Fla. 2d DCA 1974).

47. Indeed, it is anathema to suggest that such motivation to alter testimony would not be even stronger where the witnesses and arresting officers were being examined by the State of Florida Attorneys whom didn't get the arresting officers and witnesses depositions but was ok with them showing up to randomly showing up for trial.

48. The discovery violation were clearly willful in the Plaintiff's cases. Furthermore, the violation is substantial, as the witnesses and law enforcement, alleged to have personally interacted with the Victim and her family. Furthermore, the the Plaintiff's testimony is and was crucial to the State's case, and the Plaintiff has been deprived of a meaningful and substantial opportunity to research these charges and fully impeach the witnesses at that time. Willful non-compliance has prejudiced the Plaintiff's ability to properly prepare for court hearings and a trial that was unfortunately never granted to the Plaintiff which is in violation of his Fifth Amendment (Due Process) **Fifth Amendment** No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

49. The Plaintiff was procedurally prejudiced if there is a reasonable possibility that the Plaintiff's trial preparation or strategy would have been materially differed had the violation not

occurred." State v. Schopp, 653 So. 2d 1016, 1020 (Fla.1995).

50. Florida Rule of Criminal Procedure 3.220(n)(1) provides that, "[i]f, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may ... prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed." Willful violation by counsel or a party not represented by counsel of an applicable discovery rule, or an order issued pursuant thereto, shall subject counsel or the unrepresented party to appropriate sanctions by the court." Fla. R. Crim. P. 3.220(n)(2).

51. The State of Florida clearly committed a Brady violation and made little effort to ameliorate the violation. The information was surely known personally to the assigned Assistant State Attorney.

52. The Plaintiff has been prejudiced by being falsely imprisoned and was forced to spend 8 1/2 months in jail for (A LIE) something he proved over and over with hard admissible evidence summited, and verified witnesses notarized testimonies, while continuously mis-lead out of retaliation and not told on court record and shown in writing properly even after he asked for everything regarding every court date pertaining to his cases. More fully, obtaining and searching for further legal facts and Brady material, via telephone with his witness because Metro West Detention Center failed to properly help him prepare for his cases while The South Florida Local Government illegally and military style covertly attempted murder, stalked, harassed witness.

53. Due to the State's of Floridas malfeasance, and absent exclusion of the witnesses, Plaintiff Kristian Hall decided to give himself a meaningful opportunity to investigate the matter and depose the witness. This unfortunately resulted in him continuing to languish in jail for a crime he didn't commit.

54. For all of these reasons, Plaintiff Kristian Hall has been prejudiced by the blatant and willful disregard by the State of its responsibilities and obligations under the discovery rules and the Constitution.

55. On March 13, 2020 the Plaintiff appeared in front another Judge. This Judge ruled after reading the Plaintiffs motions and hearing his arguments in open court that the Plaintiff will ONLY have under his name: Count 1. Possession of CocaineCount  2. Possession/Controlled Substance Count  3. Robbery by Sudden Snatching Adjudication Withheld On case # F19013290

56. On March 13, 2020 The Same new Judges final ruling on The Plaintiffs case # F19012689

which was ran concurrent with above mentioned case. Count 1. Hired Vehicle failed to deliver Adjudication Withheld

57. The Plaintiff's family attended this court proceeding so therefore the Plaintiff had witnesses that witnessed the judges rulings on March 13, 2020.

58. The Plaintiff was provided with the final disposition documentation on March 13, 2020 at the end of Calendar upon his release.

59. The Plaintiff inquired about expungement in open court to The same Judge because he knew after he was told in open court that the alleged violent charges were dropped he would in fact be eligible for expungement after the payment of court costs was completed.

60. The Plaintiff's soul reason for turning in a motion to correct the clerical error filed on April 9, 2020 by THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA CRIMINAL DIVISION about Count 4. Battery and Count 5. Assault that was filed anyways. These charges were dismissed by The same Judge because of: lack of evidence, A non-prosecution letter signed by the alleged victim, No depositions given by the alleged victim, the alleged States witnesses, Or by The the Sunny Isles Beach police arresting officers in support of the State of Florida's claims. Prosecutor Vianca Picart was extremely irritated and very unhappy with the judges final decision. In Florida, domestic violence charges cannot be sealed or expunged if you plead to the charge.

61. On May 13, 2020 called The same Judge's JA ( Michelle Merrell ) let the Judge know their was in fact a clerical error reflecting the defendants online filed disposition. This clerical error reflects two(2) extra charges Count 4. Battery and Count 5. Assault totaling five (5) in case # F19013290 from the defendants original disposition given in person on March 13, 2020 of only three (3) charges: Count 1. Possession of Cocaine, Count 2. Possession/Controlled Substance, Count 3. Robbery by Sudden Snatching with Adjudication Withheld.

62. The Plaintiff pleaded out to ONLY: Count 1. Possession of Cocaine, 2. Possession/Controlled Substance, and Count 3. Robbery by Sudden Snatching Adjudication Withheld On case # F19013290 because of several attempts on his life ( GLASS BEING PUT IN HIS FOOD ) in Metro West Detention Center. Pro Se' defendant Kristian Hall knew his life would continue to be in danger if he stayed in The State Of Florida's custody.

63. The Plaintiff would have never pleaded out to any charges, But The State of Florida failed to properly bring him to trial in the allotted time after the defendant filed a Motion of Demand for Speedy Trial in October 2019. The Plaintiff also provided sufficient and accurate evidence supporting his cases.

66. The Plaintiff lost his then job while in the State of Floridas custody, lost his father and firm and his family received illegal extra judicial punishment by government employees ultimately because of lies started and told by the alleged victim ( KAREN ) and her family on July 8, 2019.

67. The Plaintiff witnesses, and family is still being illegally targeted 3 years later and this was the perfect example of malicious prosecution, government employees falsifying legal documents/ records, prosecutorial misconduct, direct and indirect racial discrimination, illegal discrimination, financial discrimination, financial biases, covert spying committed with extremely expensive military style spyware, covertly military style harassed, personal electronic devices military styled hacked, government employees illegally retaliating, electronically harassed, sound harassment by government employees/authorities, stalking, religious biases, and religious prejudices by judicial authorities.

68. War Crime weapons of Mass destruction were used on my family and I in desperate attempts to try to discredit us. We have three years worth of evidence of inhuman torturous crimes committed against us.

An example of EMF Brain Stimulation: Brain Area
Bioelectric Resonance Frequency Information Induced Through Modulation Motor Control Cortex 10 HZ Motor Impulse Co-ordination
Auditory Cortex 15 HZ Sound which bypasses the ears
Visual Cortex 25 HZ Images in the brain, bypassing the eyes Somatosensory Cortex 09 HZ Phantom Touch Sense
Thought Center 20 HZ Imposed Subconscious Thoughts

2 Chronicles 7:14
If my people, who are called by my name, will humble themselves and pray and seek my face and turn from their wicked ways, then I will hear from heaven, and I will forgive their sin and will heal their land.
Romans 12:2

John 1:17
For the law was given through Moses; grace and truth came through Jesus Christ.

69. The Plaintiff has taken this VERY LEGAL medical prescription of Oxycodone since year 2014. Evidence of this particular prescription was printed out by his pharmacy along with all the hard facts/evidence in this case was turn into THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI- DADE COUNTY, FLORIDA CRIMINAL DIVISION, to everyone several times over by Julia Robinson. The Plaintiff also had new evidence of this same medical prescription current pharmacy print out which dates back to April 2020. Which

means he was literally prescribed this COMPLETELY LEGAL medical prescription. He was released from jail on March 13, 2020

70. The Sunny Isles Beach police department arresting officers in this case listed above purposely and ILLEGALLY CHARGED on 7/8/2019 the Plaintiff with his own LEGAL MEDICAL PRESCRIPTION. These same lying and cheating arresting officers wrote on the investigation report under Drugs case #19-01822 that this medical prescription passed as Oxycodone and not Fentanyl as the lying and cheating State of Florida later tried to say it was.

71. These same lying and cheating arresting officers wrote on the investigation report under Drugs case #19-01822 that they also retrieved cocaine located in the Defendants right shoe heel area. If this was true The Sunny Isles Beach police department arresting officers was supposed to also take the defendants shoes into to evidence and take pictures of these items in his shoes to show the courts. The Sunny Isles Beach police department arresting officers tampered with evidence and also didn't properly turn in evidence.

72. A sworn statement of this entire case of what the Plaintiffs Witness Witnessed was turned into THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI- DADE COUNTY, FLORIDA CRIMINAL DIVISION.

73. If The Sunny Isles Beach police department arresting officers blatantly lied and illegally charged the defendant with his own legal medical prescription, their words/testimony on sworn legal affidavits don't support the truth in anything about this entire police report.

74. The Sunny Isles Beach police department arresting officers also knew if they wrote on the police report anything pertaining to them retrieving drugs it would enhance the charges in desperate attempts to cover up for the LYING ALLEGED VICTIMS FAMILY.

75. The Alleged Victims Son also lied on this very same police report/legal affidavits about not knowing the defendant. The defendant and his mother was friends well over ten (10) years. He literally stated verbatim on this same legal affidavits " his mother  had recently allowed an unknown male to move in with her". Her son's phone number was literally in the defendants cellphone. This can gladly be turned into evidence and researched to prove that the defendant was never an unknown male. Therefore The Sunny Isles Beach police department arresting officers were in fact bribed to lie on legal affidavits and arrest The Plaintiff to please The alleged victims family and complete the job they got payed by them to do. This evidence supporting ALL OF these facts were turned into THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI- DADE COUNTY, FLORIDA CRIMINAL DIVISION, Public Defenders from Miami Dade County Public Defenders Office, Judge Teresa Mary Pooler, Attorney's Arthur Jones, Public Defender Kayla Keller, Prosecutor Latiara Calloway, and to The Sunny Isles Beach police department Internal Affairs Unit.

76. The United States of America desperately need independent investigation Units that will properly INVESTIGATE CORRUPTION/CORRUPT PUBLIC EMPLOYEES AND TELL THE WHOLE TRUTH FOR THE PEOPLE WHOM PAY THEIR TAXES THAT EMPLOY THESE PUBLIC SERVICE EMPLOYEES.

77. The Plaintiff was charged illegally for crimes he never committed for Demonic Favors. I Kristian J Hall will not be anyones fall guy. Everything that happened in my cases were violations against the Constitution. All involved tried to illegally Destroy MY GOOD NAME AND REPUTATION.

IV: Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1. A Torn rotator cuff and bulging disc in my neck. I need to have surgery.

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

28. Torture, Obstruction of Justice , Brady Violations, Excessive Force, State-created Danger, Failure to Protect from Attack, Failure to Intervene, Denial of Adequate Medical Care, Private Person Conspired with a State , Official, Stalking, Malicious Prosecution, Conspiracy Against Rights, Causation, Supervisor Liability, Particular Rights, Concurrent Cause, Harassment, Racial Discrimination, Retaliatory Discrimination , Due Process Violations , False Imprisonment , Fasle Arrest , Interference with Witnesses, Pretrial Detainee's Claim of Failure to Protect, Interference with Parent/Child Relationship, Deliberate Indifference 28,000,000.00 in damages **Future Medical Expenses**, Household Services(In Home Services),Loss of Consortium, Loss of Enjoyment of Life, Loss of Society and Companionship, Lost Wages,

Medical Expenses, Mental Anguish, Pain and Suffering, Special Damages, Lost Some Earning Capacity, Disfigurement, Loss of Affection, Assault, Invasion Of Privacy, Intentional infliction of Emotional